UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS HARDEN,

       Plaintiff,

v.

DAVID BAIR, *et al*.,

       Defendants.

Case No. 21-12434
Honorable Judge Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO SUA SPONTE DISMISS ALL
CLAIMS AND TO GRANT DEFENDANTS' MOTIONS TO DISMISS
[ECF NOS. 12, 18, 19, 38]**

---

## I.    Introduction

Plaintiff Travis Harden, a current parolee proceeding pro se and in forma pauperis, sues Michigan Department of Corrections (MDOC) officers and third-party defendants, alleging violations of his First, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983.  ECF No. 5.  The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 23.

All but three defendants move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 12; ECF No. 18;

ECF No. 19; ECF No. 38.[1]  The Court finds that Harden's complaint should be entirely dismissed sua sponte and that defendants' motions to dismiss should be granted.

## II.    Background

Harden sues Easter Seals of Michigan, a community mental health organization; David Bair, a case manager; James Givens, an MDOC parole agent; Dian King, an MDOC contractor and homeowner; John Reading—now identified as Jonathan Reddit—an MDOC parole agent; Christa Comer, a "PCS manager"; Daniel Blake, a psychiatrist; Jane Hairs, an MDOC parole agent supervisor; and Chelsea Warner, the Easter Seals ACT team manager.  ECF No. 5, PageID.41-45.  Judge Goldsmith sua sponte dismissed Harden's claims against Judge Linda Hallmark and attorney Eric Wilson with prejudice in November 2021.  ECF No. 6.

---

[1] Harden filed a document that combined a motion for a scheduling order and a response to defendants' reply brief.  ECF No. 37 (response to ECF No. 33).  The Court will not enter a scheduling order until the motions to dismiss are resolved.  And the Court will not consider Harden's response to the reply because it was filed without leave of court.  ECF No. 37.  The general rule is that a non-moving party has no right to respond to a reply brief, and thus the applicable local rule does not allow for a sur-reply.  E.D. Mich. LR 7.1 (permitting motions, responses, and replies); *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019) (stating that a party wishing to file a sur-reply must file a motion for leave that sets forth good cause).

Harden's amended complaint is difficult to decipher.  His sentences connect defendants to each other and to actions in a manner that lacks coherence or logic.  For example, his first sentence says:

> Easter Seals of Michigan, acting under contract with MDOC (Parole Agents) have a duty to me, as a Community Mental Health organization, to add to my quality of life, violated my fourteenth and first Amendment, when easter seals Allowed David Bair to use easter seals resources and personel [sic], to conspire with Linda Hallmark, Eric Wilson, and Daniel Blake, when they issued me a illegal court order, by denying my right to, pick my own Attorney, at court expense, The Right to be at the hearing, and the Right to have a Jury hearing, when the first I heard of The hearing was on the 16th of Aug.  And the SUBPOENA to appear did not have a place of the hearing, nor zoom code.  All under the authority of Agent Givens, and Supervicer [sic] Hairs.

ECF No. 5, PageID.47-48.  This sentence is nonsensical for many reasons.  What role could the Easter Seals, aligned with parole officers Givens and Hairs, have had in denying Harden his right to pick his own attorney or the right to a hearing?

Harden blames Givens for the alleged wrongful actions of all the defendants and claims that Givens was retaliating for an unspecified lawsuit Harden filed against the MDOC.  *Id.*, PageID.51.  The alleged wrongful actions include defendants denying him life-saving medication.

*Id.*, PageID.51-52.  Another parole agent, Reddit,[2] allegedly busted into Harden room without allowing him to dress in private.  *Id*.  Bair and Reddit then allegedly had Harden hospitalized without legal cause because "they didn't like the way [he] talk to them."  *Id.*

Harden says that PCS manager Comer told Harden that PCS would no longer provide him financial support if Harden did not get his monthly shot.  *Id.*, PageID.54.  Psychiatrist Blake allegedly "participated in the scam to deny [Harden] the right appear in Court, the right to a Jury hearing, when he gave false testimony…about [Harden's] mental health."  *Id.*  And Harden claims that he informed Hairs "about the abuse, mistreatment [he] received from [the defendants]," but she blamed Harden and failed to intervene to stop the alleged abuse.  *Id.*, PageID.55.  Harden says that Warner should have arranged for him to use Easter Seals computers for him to attend a Zoom hearing.  *Id.*, PageID.56.

Harden claims injury from being deprived of his medication for a long time, causing unknown effects on his physical health.  *Id*., PageID.58.  He also says that defendants' actions have caused him to lack trust, to be socially awkward, "which is PTSD," and to lose freedom and happiness.  *Id*.

---

[2] Harden misidentified Jonathan Reddit as "John Reading" in his amended complaint.  ECF No. 19, PageID.151.

## III.    Analysis

### A.

Harden's complaint should be dismissed sua sponte because it violates Federal Rule of Civil Procedure 8(a)(2), which requires that a claim for relief include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Harden's amended complaint makes disconnected, confusing, and meandering claims that violate Rule 8 and are subject to sua sponte dismissal.  *Robinson v. Michigan*, No. 3:21-CV-10520, 2021 WL 1388027, at *2 (E.D. Mich. Apr. 13, 2021) ("Wild and rambling pleadings do not meet the requirements of Rule 8 and must be dismissed."); *Ware v. Tennessee*, No. 17-1088-STA-EGB, 2018 WL 3199463, at *1 (W.D. Tenn. June 29, 2018) (adopting recommendation to sua sponte dismiss long, rambling, and nonsensical complaint); *Patel v. AR Grp. Tennessee, LLC*, No. 3:20-CV-00052, 2021 WL 4133954, at *12 (M.D. Tenn. Sept. 10, 2021) (sua sponte dismiss complaint that lacked a "comprehensible and consistent statement of these crucial facts").  Harden's complaint should be dismissed under Rule 8(a) even without consideration of defendants' motions to dismiss.

Sua sponte dismissal is also warranted under 28 U.S.C.

§ 1915(e)(2)(B).  That section requires a court to sua sponte dismiss an in

forma pauperis complaint that is frivolous or fails to state a claim.  A

complaint "is frivolous where it lacks an arguable basis either in law or in

fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  While pleadings filed

by pro se litigants are entitled to a more liberal reading than would be

afforded to formal pleadings drafted by lawyers, such complaints still must

plead a plausible claim for relief.  *Thomas v. Eby*, 481 F.3d 434, 437 (6th

Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir.

2012).  And the Court need not "create a claim which [the plaintiff] has not

spelled out in his pleading."  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d

1167, 1169 (6th Cir. 1975).

Harden claims that defendants violated his rights under the First,

Fourteenth, and Eighth Amendments.  ECF No. 5, PageID.46, 57.  As

described in the analyses of defendants' motions to dismiss, the amended

complaint alleges no colorable claim that any defendant violated those

rights.  Thus, the complaint should be dismissed against all defendants,

including those who did not move for dismissal.

## B.

Givens, the alleged primary motivator of the actions against Harden,

moves for dismissal under Rule 12(b)(6).  ECF No. 12.  A motion to dismiss

under 12(b)(6) tests a complaint's legal sufficiency.  *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Id*.  A claim must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft*, 550 U.S. at 678.

### 1.

Givens argues that Harden fails to state a plausible First Amendment retaliation claim.  To state such a claim, Harden must show that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in

part by [Harden's] protected conduct."  *Thaddeus-X v. Blatter*, 175 F.3d

378, 394 (6th Cir. 1999) (en banc).  Harden's conclusory allegations fall

well short of stating a plausible claim of retaliation.

Harden alleges that Givens "was motivated by [Harden's] suit against

MDOC."  ECF No. 5, PageID.51.  Filing a lawsuit is protected conduct.

*Weatherspoon v. Woods*, No. 16-1277, 2017 WL 3923335, at *2 (6th Cir.

Feb. 24, 2017).  But Harden specifies nothing about the lawsuit, including

who the defendants were or when the complaint was filed.  And Harden

claims that Givens instructed others to deny him medicine and medical

care and deprived him of trial rights are entirely conclusory.  ECF No. 5,

PageID.51-52.  Harden also fails to explain how Givens, a parole officer,

would have the power to deny him life-saving medical care or his trial

rights.

Harden's response to Givens' motion did not clarify the factual basis

for his retaliation claim.  He said that Givens "knows Plaintiff Phone #" and

that he can prove "with discovery and interrogatories" that Givens

"coached, encourage Christa Comer to coerce Plaintiff to take his 8-2021

shot."  ECF No. 29, PageID.202.  Harden thus has no factual support for

his retaliation claim against Givens and that claim should be dismissed.

*Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012)

8

("Wingo's allegation of retaliation is conclusory and insufficient to state a claim because he set forth no facts which would support his contention that the defendants were motivated by retaliation.").

Harden's retaliation claim against Christa Comer should be dismissed sua sponte.  Harden alleged that she "participated with agent Givens to retaliate against [him]" by warning him that "PCS will no longer support [him] financially, if [he does] not get [his] monthly shot."  ECF No. 5, PageID.54.  Harden states no factual support for his claim that Givens prompted Comer to give that warning, nor any facts showing that Comer made that warning in retaliation for Harden's protected activity.  His conclusory allegation that Comer retaliated against him do not state a claim.

## 2.

Givens argues that Harden's allegations that he was not given medication fail to sufficiently plead a deliberate indifference claim under the Eighth Amendment.  ECF No. 12, PageID.101.  The Eighth Amendment's Cruel and Unusual Punishment Clause prohibits prison officials from inflicting "unnecessary and wanton infliction of pain" upon inmates.  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (internal citations omitted).

"'Deliberate indifference' by prison officials[3] to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eight[h] Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

A deliberate indifference claim has an objective and a subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). The objective component requires a plaintiff to allege that the medical need at issue is "'sufficiently serious.'" *Id.* at 702-03 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Harden does not satisfy the objective component because he neither alleges a medical need nor states facts to support a finding that it is sufficiently serious. ECF No. 5.

"To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273

---

[3] A question not raised by Givens is whether a parole officer can be liable under the Eighth Amendment. The Seventh Circuit addressed the question and found, "Though parole officers may have no duty under *Gamble* to provide a parolee with medical care or ensure that she receives it, they at least may be constitutionally obligated not to block a parolee who is trying to arrange such care for herself without any basis in the conditions of parole." *Mitchell v. Kallas*, 895 F.3d 492, 502 (7th Cir. 2018).

F.3d at 703.  Harden states no facts showing that defendants perceived facts to infer a substantial risk to him, that they drew the inference, and that they disregarded that risk.  Givens' motion to dismiss the Eighth Amendment claim against him should be granted, and the claim against King should be dismissed sua sponte.

**3.**

Givens argues that Harden's conspiracy claim against him fails under § 1983.  ECF No. 12, PageID.105-106.  The Court agrees.  To prevail on a civil conspiracy claim, a plaintiff must show "that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy."  *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011) (internal citations and quotation marks omitted).  Conspiracy claims must be pleaded with some specificity; "vague and conclusory allegations that are unsupported by material facts will not be sufficient to state such a claim under § 1983."  *Id.*  (citations and quotation marks omitted).  Harden's conspiracy claims are vague, conclusory, confusing, and implausible.  Givens' motion to dismiss the conspiracy claim against him should be granted, and the conspiracy claim against King and Bair should be dismissed sua sponte.

**4.**

The Court recommends sua sponte dismissal of Harden's claims against Jane Hairs, the MDOC parole supervisor.  "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'"  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citations omitted).  A "supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it."  *Id.* (citations and quotation marks omitted).  "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."  *Id*.

Harden alleges that he told Hairs about "the abuse, mistreatment [he] received from Dian King, David Bair, agent Givens, and agent [Reddit], and easter seals of Michigan" and that she "could have intervene at any time." ECF No. 5, PageID.55.  But his claim for her "mere failure to act" or "intervene" is not actionable under § 1983.  *Shehee*, 199 F.3d at 300. Thus, the Court recommends that Harden's claim against Hairs be dismissed sua sponte.

In sum, the Court recommends that Givens' motion to dismiss, ECF No. 12, be granted and that all claims against Comer, Hairs, and King be dismissed sua sponte.

## C.

Reddit moves for dismissal under Rule 12(b)(6).  For Harden to prevail on his § 1983 claim against Reddit, he must establish that a (1) person acting under color of state law (2) deprived him of a right secured by the Constitution or laws of the United States.  *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001).  Reddit raises arguments about retaliation, access to the courts, deliberate indifference, and conspiracy.  ECF No. 19.  But the Court cannot tell from Harden's amended complaint whether he intended to make those claims against Reddit.

Harden alleges that in January 2021, Reddit, an MDOC parole agent, "came busting in [his] Room" and would not allow him "to get dressed in private."  ECF No. 5, PageID.53.  Reddit then allegedly "authorized David Bair to hospitalize[ ] [Harden], without legal cause, they didn't like the way [he] talk to them."  *Id.*  Harden states no constitutional right that Reddit violated, and no constitutional violation can be gleaned from Harden's factual claims.  And the Court need not "create a claim which [the plaintiff] has not spelled out in his pleading."  *Clark*, 518 F.2d at 1169.

13

The Court thus recommends that Reddit's motion to dismiss be granted.

### D.

Defendants Easter Seals of Michigan, David Bair, and Chelsea (Doe) Warner ("the Easter Seals defendants") move for dismissal under Rule 12(b)(6), arguing that they are not state actors—and thus not liable under § 1983—and that Harden's claims fail on other grounds.  ECF No. 18. Because the Easter Seals defendants are not state actors, their motion to dismiss should be granted.

Easter Seals is a private company, so Harden needed to plead facts showing that actions of the Easter Seals defendants were "fairly attributable to the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).  "This circuit has recognized as many as four tests to aid courts in determining whether challenged conduct is fairly attributable to the State: (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test." *Marie v. Am. Red Cross,* 771 F.3d 344, 362 (6th Cir. 2014).  But all the tests "boil down to a core question: whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brent v. Wayne Cnty. Dep't of Hum. Servs*., 901

14

F.3d 656, 676 (6th Cir. 2018) (citation and internal quotation marks omitted).  A plaintiff must allege plausible facts that give rise to an inference of state action.  *Marie,* 771 F.3d at 362.

Here, Harden's allegations fall short.  He alleges only that Easter Seals provided him with mental health treatment under a contract with the state.  ECF No. 5, PageID.47; ECF No. 32, PageID.219.  But a state contract for a private company to provide community-based services does not establish a close enough nexus between the state and the challenged action.  *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 754 (6th Cir. 2020).  In *Howell*, private foster care homes were not state actors despite their contracts with the Commonwealth of Kentucky's and despite the Commonwealth's regulation of the foster care homes.  *Id*.  The *Howell* court contrasted its case from those involving medical care within state prisons.  *Id*.  The foster care homes facilitated the children's presence in the community, which was "not a remotely comparable exertion of state power."  *Id*.

Like the foster care homes in *Howell*, the Easter Seals defendants provided Harden with community-based care under a contract with the state.  Harden pleads no facts that distinguish this case from *Howell* as

15

necessary for this Court to infer state action.  Thus, the Easter Seals defendants' motion to dismiss should be granted.

### E.

The Court also recommends that the claims against Daniel Blake be dismissed.  Harden alleges that Blake, a psychiatrist, gave false testimony at a "hearing about [his] mental health, after only speaking to [him] long enough to say do not call me anymore."  ECF No. 5, PageID.54.  Harden claims that this denied him "the right to appear in Court, the right to a Jury hearing."  *Id.*  But Blake is entitled to absolute immunity for his testimony during the hearing.  "[W]itnesses and other persons who are integral parts of the judicial process are entitled to absolute immunity."  *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir.1984) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)).  For both persons acting "under color of law" and private witnesses, "§ 1983 did not abrogate the absolute immunity existing at common law."  *Briscoe*, 460 U.S. at 334.

Thus, Harden's claims against Blake should be dismissed sua sponte.

## IV.   Conclusion

The Court **RECOMMENDS** that the defendants' motions to dismiss (ECF No. 12; ECF No. 18; ECF No. 19; ECF No. 38) be **GRANTED** and

16

that the claims against Comer, King, Hairs, and Blake be **DISMISSED SUA**

**SPONTE.**

                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
                                        United States Magistrate Judge
Dated: May 18, 2022

## <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation,

any party may serve and file specific written objections to this Court's

findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And

only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991)*.*

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of

objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the

same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 18, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

18