UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS HARDEN,

    Plaintiff,

                                Civil Action No. 21-cv-12434

vs.                              HON. MARK A. GOLDSMITH

EASTER SEALS, et al.,

    Defendants.
_____/

**OPINION & ORDER
(1) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATED DATED MAY 18, 2022 (Dkt. 42); (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 46); GRANTING THE MOVING DEFENDANTS' MOTIONS TO DISMISS (Dkts. 12, 18, 19, 38); (3) SUA SPONTE DISMISSING THE CLAIMS AGAINST THE NON-MOVING DEFENDANTS; (4) AND DENYING AS MOOT THE REMAINING MOTIONS (Dkts. 34, 37, 41)**

When pro se Plaintiff Travis Harden, a current parolee, initially filed this civil rights action, the Court determined that Harden's complaint (Dkt. 1) failed to allege sufficient facts to put Defendants on fair notice of the claims and the grounds upon which they rest. 10/20/21 Order at 1–2 (Dkt. 4) (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). The Court explained that Harden's "allegations are rambling, hard to follow, and do not clearly set forth the actions of each defendant and how these actions violated Harden's constitutional rights. Further, his complaint does not contain sufficient facts to show that every defendant is subject to liability under [42 U.S.C.] § 1983." Id. Rather than outright dismissing Harden's complaint, the Court gave him an opportunity to amend it. Id. at 2 (citing Fed. R. Civ. P. 15(a)). The Court warned Harden that failure to cure his deficient allegations would result in dismissal of his complaint. Id.

Harden filed an amended complaint (Dkt. 5), which utterly failed to establish that two of the defendants—defense attorney Eric Wilson and Judge Linda Hallmark—could be held liable under § 1983. 11/22/21 Order at 2 (Dkt. 6). Accordingly, the Court dismissed Harden's claims

against Wilson and Hallmark with prejudice. Id.

Nearly all of the remaining Defendants—James Givens, David Bair, Chelsea Doe, Easter Seals of Michigan, John Reading,[1] and Daniel Blake (collectively, the "Moving Defendants")—soon filed motions to dismiss the claims against them (Dkts. 12, 18, 19, 38). Three Defendants—Christa Comer, Jane Hairs, and Dian King (collectively, the "Non-Moving Defendants")—have not filed responsive pleadings.[2] The Court referred this matter to Magistrate Judge Elizabeth Stafford for, among other things, a report and recommendation (R&R) on the motions to dismiss (Dkt. 23).

Magistrate Judge Stafford issued an R&R, explaining that Harden's amended complaint fails to satisfy the basic pleading requirements of Federal Rule of Civil Procedure 8; it instead "makes disconnected, confusing, and meandering claims." R&R at 5. The magistrate judge, therefore, recommends that the Court (i) grant the Moving Defendants' motions to dismiss[3] and (ii) sua sponte dismiss the claims against the Non-Moving Defendants. Id. at 16–17. Harden filed objections to the R&R (Dkt. 46), and the Moving Defendants filed responses to the objections (Dkts. 47, 48, 49). For the following reasons, the Court overrules Harden's objections and adopts

---

[1] As the magistrate judge explains, "Harden misidentified Jonathan Reddit[t] as 'John Reading' in his amended complaint." R&R (Dkt. 42) at 4 n.2.

[2] Harden has filed a motion for default judgment against King (Dkt. 41), but not Comer or Hairs. Harden has also filed a motion (Dkt. 37), in which he asserts that he is entitled to "have time for deposition[s] and discovery." The only other pending motion is Blake's motion to quash (Dkt. 34). Because the Court dismisses all remaining claims in this case, the remaining pending motions (Dkts. 34, 37, 41) are denied as moot.

[3] The magistrate judge explains that, even if the Moving Defendants had not filed motions to dismiss the claims against them, these claims should be dismissed sua sponte for failure to comply with Rule 8's pleading requirements. R&R at 5. For the reasons set forth in the R&R, the Court agrees.

the recommendations contained in the R&R.

## I. BACKGROUND

The background has been set forth in the R&R, see R&R at 2–4; thus, it need not be redescribed in full here. Although his allegations are difficult to decipher, Harden appears to assert that Easter Seals of Michigan, a community mental health organization, and the individual Defendants—many of whom are Michigan Department of Corrections (MDOC) parole officers—took wrongful actions against Harden. Id. at 2. These wrongful actions include denying Harden life-saving medication, preventing Harden from dressing in private, causing Harden to be hospitalized without legal cause, making Harden's monthly payments contingent on him receiving shots, giving false testimony about Harden's mental health, and failing to provide Harden with access to a computer for a Zoom hearing. Id. at 2–3. Harden contends that Givens in particular took wrongful actions in retaliation for Harden bringing an unspecified lawsuit against the MDOC. Id. at 2. Harden brings § 1983 claims against Defendants, asserting violations of his First and Eighth Amendment rights. Id. at 6.

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Note. Any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d

3

750, 757 (E.D. Mich. 2013) (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised for the first time in objections to Magistrate Judge's report and recommendation are deemed waived.")).

Harden filed seven objections to the R&R. The Court addresses each in turn.

### A. First Objection

Harden's first objection is that his "amended complaint is in [sic] short and plain statement, and do not [sic] violate F. R. Civ. P. 8(a)(2)." Objections at PageID.392. Harden provides no further explanation as to how his amended complaint satisfies Rule 8's pleading requirements or how the magistrate judge erred in concluding that the amended complaint violates Rule 8. Such undeveloped, conclusory objections do not constitute proper objections to an R&R. See Riggins v. Cook, No. 2:20-cv-110, 2022 WL 815282, at *2 (W.D. Mar. 17, 2022) (overruling objection that the plaintiff "fail[ed] to develop" and "merely alleged in a conclusory fashion" as an "[im]proper objection to the R&R's findings"). As a result, Harden's first objection is overruled.

### B. Second Objection

In his second objection, Harden contends that "Givens denied [him] . . . the right to file a grievance against David Bair in Aug. 2020." Objections at PageID.392. There are several issues with this objection. First, the objection does not "specify precisely the provision of [the R&R] . . . to which it pertains," as Harden was directed to do. R&R at 17. Second, Harden does not allege in his amended complaint that Givens denied him the right to file a grievance against Bair. An objection to an R&R is not the proper vehicle to add factual allegations to a complaint. See Chambliss v. Bank of Am., N.A., No. 3:12-0955, 2014 WL 1287467, at *1 (M.D. Tenn. Mar. 31, 2014) ("Plaintiffs may not amend their Complaint by adding factual allegations as a part of objections to an R&R . . . ."). Relatedly, issues raised for the first time in objections to an R&R

4

are deemed waived. Murr, 200 F.3d at 902 n.1. Finally, this objection is undeveloped and conclusory. See Riggins, 2022 WL 815282, at *2. For these reasons, Harden's second objection is overruled.

### C. Third Objection

Harden's third objection states that "Given[s] had Comer . . . [coerce Harden] . . . to take [his] . . . shot[, which] is against Federal Regulation." Objections at PageID.392 (citing Smiley v. Tennessee, 2017 U.S. Dist. LEXIS 145663, at *14–16 (E.D. Tenn. Sept. 8, 2017)). This objection fails to "specify precisely the provision of [the R&R] . . . to which it pertains." R&R at 17. Further, Harden's only attempt at developing this objection is his citation to Smiley. The cited portion of Smiley, however, is inapposite; it dismisses the Smiley plaintiff's § 1983 claims that were not brought against state actors. This portion of Smiley offers no support for the proposition for which Harden presumably cited it (that he sufficiently alleged that Defendants forced him to take medication, in violation of his Eighth Amendment rights). Harden has failed to show any error in the magistrate judge's analysis of his Eighth Amendment claims, and his third objection is overruled.

### D. Fourth Objection

Harden's fourth objection is difficult to comprehend; it states: "I object to Analysis B(1) The First Amendment retaliation, I have yet to make the argument." Objections at PageID.393. Givens and Redditt presume, and this Court agrees, that Harden's fourth objection is aimed at the magistrate judge's conclusion that he failed to offer any factual support for his retaliation claim against Givens. See Givens, Redditt Resp. at 4. Read in this context, Harden's statement that he "ha[s] [not] yet . . . ma[de] the argument" actually appears to be a concession that he failed to support his retaliation claim against Givens with plausible factual allegations. Harden's fourth

objection is, therefore, overruled.

### E. Fifth Objection

In his fifth objection, Harden states: "conspiracy claim only need that the objection was the same, and adverse action." Objections at PageID.393. Harden's point is unclear. As far as the Court can tell, Harden is arguing that to state a plausible conspiracy claim, he needs only to allege that Defendants had the same objective and that there was an adverse action. As Givens and Redditt point out, "[t]his is not an accurate statement of the law." Givens, Redditt Resp. at 4. For a conspiracy claim to survive dismissal, a plaintiff must allege "that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy." Heyne v. Metro. Nashville Pub. Sch., 655 F.3d 556, 563 (6th Cir. 2011) (punctuation modified).

Further, conspiracy claims must be pleaded with some specificity; "vague and conclusory allegations that are unsupported by material facts will not be sufficient to state such a claim under § 1983." Id. (punctuation modified). Harden neither argues nor shows any error in the magistrate judge's determination that Harden failed to plead his conspiracy claim with the requisite specificity. See R&R at 11 ("Harden's conspiracy claims are vague, conclusory, confusing, and implausible."). Accordingly, his fifth objection is overruled.

### F. Sixth Objection

Harden's sixth objection, like many of his other objections, is difficult to comprehend. It states: "Easter Seals of Michigan acted under color of state law when it's [sic] staff lied and conspired with Givens and Jonathan Reddit[t]." Objections at PageID.393. This objection does not "specify precisely the provision of [the R&R] . . . to which it pertains." R&R at 17. But it appears that Harden is objecting to the magistrate judge's recommendation that the Court dismiss

6

the claims against Easter Seals because it is not a state actor subject to § 1983 liability. Id. at 14–16. Harden's conclusory statement that Easter Seals "acted under color of law" fails to explain how the magistrate judge's conclusion is incorrect. See Riggins, 2022 WL 815282, at *2. Harden's sixth objection is overruled.

### G. Seventh Objection

In his final objection, Harden states that his amended complaint should survive the Rule 12(b)(6) stage "against Easter Seals, David Bair and Chelsea Warner." Objections at PageID.393. It is unclear why Harden specifies only these three defendants. In any case, this undeveloped, perfunctory statement is not a proper objection. See Riggins, 2022 WL 815282, at *2. It is, therefore, overruled.

### III. CONCLUSION

For the foregoing reasons, the Court overrules Harden's objections (Dkt. 46) to the R&R and adopts the recommendation contained in the R&R (Dkt. 42). The Moving Defendants' motions to dismiss (Dkts. 12, 18, 19, 38) are granted, and the claims against the Non-Moving Defendants are dismissed sua sponte. Because Harden's amended complaint is dismissed, the remaining pending motions (Dkts. 34, 37, 41) are denied as moot. This case is now closed.

SO ORDERED.

Dated: June 29, 2022       s/Mark A. Goldsmith
    Detroit, Michigan      MARK A. GOLDSMITH
                       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 29, 2022.

s/Karri Sandusky
Case Manager
